Mr. Dallas Bash Motor Vehicle Administrator Motor Vehicle Registration Section Department of Revenue 140 West 6th Avenue Denver, Colorado 80204
Dear Mr. Bash:
QUESTION PRESENTED AND CONCLUSION
This is to respond to your request for an opinion as to whether the Colorado Specific Ownership Tax may be imposed on private mobile equipment involved in construction activity on the federal reservation at Fort Carson. This tax would be imposed pursuant to Article 3 of Title 42 of the Colorado Revised Statutes of 1973.
My conclusion is "no."
ANALYSIS
Article I, section 8, clause 17 of the United States Constitution grants to Congress the power "to exercise exclusive legislation . . . over all places purchased, by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals . . . ."
The land in question is located on tract 13 on the Fort Carson Military Reservation and was purchased by the United States Government on June 4, 1942 from the City of Colorado Springs. In April of 1944, the United States Government accepted and assumed "jurisdiction over all lands acquired by it for military purposes within the State of Colorado."
C.R.S. 1973, 3-1-103, similar to the existing statute in the 1940's, reads as follows:
 Jurisdiction of United States over land. Exclusive jurisdiction in and over any land so acquired by the United States shall be and the same is hereby ceded to the United States for all purposes except the service of all civil and criminal process of the courts of this state; but the jurisdiction so ceded shall continue no longer than the said United States shall own such land.
C.R.S. 1973, 3-1-104, similar to earlier statutes reads as follows:
 When jurisdiction vests — tax exemption.
The jurisdiction ceded shall not vest until the United States shall have acquired the title to the said lands by purchase, condemnation, or otherwise; and so long as the said lands shall remain the property of the said United States when acquired and no longer, the same shall be and continue exempt and exonerated from all state, county, and municipal taxation, assessment or other charges which may be levied or imposed under the authority of this state.
The United States has acquired title to tract 13 on the Fort Carson Military Reservation and has accepted jurisdiction as noted above. The only statutory reservation of power by the State of Colorado over such ceded land relates to criminal and civil process, and inclusion of such lands in school districts. There appears to be no specific reservation in the cession of the land in question.
The federal government has exercised its exclusive power to legislate in the area of state taxes by and through the Buck Act,4 U.S.C. §§ 105 to 110. These statutory provisions grant the right for state or any duly constituted taxing authority therein to impose and collect a sales tax or use tax when the sale or use occurred in whole or in part within a federal area, and to impose and collect an income tax on persons residing on a federal area or on income received from transactions occurring or services performed in a federal area.
Congress has granted states the right to impose sales, use and income taxes. However, the right to impose a specific ownership tax is not a tax on income, sales, or use, as defined in Colorado. It is therefore not authorized by the Buck Act, and is inconsistent with Article I, section 8, clause 17 of the United States Constitution.
The Supreme Court of the United States has expressly implied that no state tax may be imposed on sales, use, property or income located on, occurring on, or received from work on a federal area such as Fort Carson, unless the tax is specifically enumerated and permitted under the Buck Act. Howard v. TheCommissioners of Louisville, 344 U.S. 624, 97 L.Ed. 617,73 S.Ct. 465 (1953); Humble Pipe Line Company v.Waggonner, 376 U.S. 369, 11 L.Ed.2d 782, 84 S.Ct. 857, (1964).
SUMMARY
Therefore, it is my opinion that the Colorado Specific Ownership Tax may not be imposed on mobile construction equipment brought into the state for the sole purpose of operating at Fort Carson.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE MOTOR VEHICLES FEDERAL PREEMPTION
4 U.S.C. §§ 105, 106, 107, 108, 109, and 110
C.R.S. 1973, 42-3-101
C.R.S. 1973, 3-1-103
C.R.S. 1973, 3-1-104
REVENUE, DEPT. OF Motor Vehicle, Div. of
The Colorado Specific Ownership Tax may not be imposed on mobile construction equipment brought into the state for the sole purpose of operating on the federal reservation at Fort Carson.